**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-00163-GNS-LLK**

**THOMAS ALLEN WYATT**                                                                                      **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                     **DEFENDANT**

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. [Docket Number (DN) 1]. Plaintiff's Brief in Support of Reversing the Decision of the Commissioner is at DN 21, and the Commissioner's response in opposition is at DN 27. On December 17, 2020, the Court referred the matter, which is ripe for determination, to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.

42 U.S.C. § 405(g) authorizes federal district courts to review the final decision of the Commissioner (in this case, the Administrative Law Judge's (ALJ's) decision) to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Background facts and ALJ's decision

On or about November 10, 2014, a pick-up truck struck Plaintiff while he was attempting to secure a front-end loader to a trailer. [Administrative Record, DN 19 at 44]. Plaintiff suffered a closed head injury and alleges he became disabled on that date. *Id.* at 15, 20.

On February 21, 2017, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, and he was last insured for Title II benefits on December 31, 2016. *Id.* at 15, 17.

On October 31, 2019, the ALJ issued the Commissioner's final decision, denying Plaintiff's disability claim based on a finding that, during the relevant time frame from November 10, 2014 through December 31, 2016, Plaintiff retained the ability to perform a significant number of jobs in the national economy.

The ALJ's decision followed the 5-step sequential evaluation process, which applies in all Social Security disability cases:

First, the ALJ found that, from November 10, 2014 through December 31, 2016, Plaintiff did not engage in substantial gainful activity. *Id.* at 17.  Second, the ALJ found that Plaintiff had the following severe, or vocationally significant, impairments:  "chronic headache, cognitive impairment, concussion syndrome, adjustment disorder with anxiety, and obesity."  *Id.*  Third, the ALJ found that Plaintiff did not have an impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 18.

As required in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC).  The ALJ found that, physically, Plaintiff had an RFC:

> … to perform medium work as defined in 20 CFR 404.1567(c) except only occasional climbing of ramps and stairs and no climbing of ladders, ropes, or scaffolds. The claimant would have been able to frequently balance. The claimant must have avoided unusually bright or strobe light exposure. He would have been able to have moderate level noise exposure or less, as defined by the Selected Characteristics of Occupations (SCO). The claimant must have avoided concentrated exposure to wetness and vibration. The claimant must have avoided all exposure to workplace hazards.

*Id.* at 19.  The ALJ found that, mentally, Plaintiff had an RFC:

> … to perform simple, routine, and repetitive tasks defined as minimal variation in job duties day to day. The claimant would have been able to make simple work-related decisions. The claimant could have tolerated few, if any, changes in the workplace. The claimant would have been able to perform these tasks for 2 hour segments over an 8 hour workday.

*Id.*

Fourth, the ALJ found that Plaintiff was unable to perform any past relevant work. *Id.* at 21. Fifth, the ALJ found that Plaintiff was not under a disability because there existed a significant number of medium jobs in the national economy that he could perform. *Id.* at 22. Specifically, the ALJ accepted the vocational expert's (VE's) testimony that an individual with Plaintiff's RFC could "perform the requirements of ... representative [medium] occupations" such as hand packager, order filler/laborer stores, and stock clerk. *Id.*

### The ALJ's implicit credibility findings

Plaintiff testified that, during the relevant time frame from November 10, 2014 (alleged onset of disability) through November 10, 2016 (expiration of insured status), he experienced frequent, if not daily, headaches, with light sensitivity, nausea, and dizziness issues. *Id.* at 46.

Plaintiff testified that his headache symptoms would necessitate frequent job absences. The VE gave uncontradicted testimony that, if Plaintiff's headaches require that he miss four or more days a month on a regular, consistent basis, "all work would be eliminated." *Id.* at 68. Therefore, the ALJ implicitly found that Plaintiff's headaches would **not** require four or more days a month of job absences. Stated somewhat differently, the ALJ implicitly found Plaintiff's testimony regarding frequency of headache symptoms to be only partially credible (i.e., credible to the extent of the VE's testimony allowing for substantial gainful activity).

Plaintiff further testified that his headache symptoms frequently required him to lie down in a dark room. The VE testified that, if Plaintiff had to remove himself from the workstation and be off task for 20% of the workday every other day, "this also precludes work, in my opinion." *Id.* at 69. Therefore, the ALJ implicitly found that Plaintiff's headaches would not require that he be off task for 20% of the workday, every other day. Stated somewhat differently, the ALJ implicitly found Plaintiff's testimony regarding his headache symptoms to be not entirely credible.

In determining Plaintiff's RFC, the ALJ was required to consider the medical opinions in the administrative record.  Plaintiff identifies no medical opinion supporting the disabling frequency of limitations to which he testified or supporting limitations in excess of the ALJ's RFC finding.  *See* 42 U.S.C. §423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. §404.1512 ("In general, you have to prove to us that you are blind or disabled."); *Bowen v. Yuckert*, 482 U.S. 137, n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").

Therefore, in determining Plaintiff's RFC, the ALJ was required to determine the credibility of Plaintiff's headache pain complaints.  The so-called pain-credibility assessment is a two-step inquiry.  Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029.[1]  First, the ALJ must determine whether an "underlying medically determinable physical or mental impairment(s) ... could reasonably be expected to produce an individual's symptoms, such as pain."  *Id.* at *3.  The ALJ found that, "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments [headaches] could reasonably be expected to cause the alleged symptoms."  [DN 19 at 20].

Second, the ALJ was required determine the "intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities."  *Id.*  The ALJ found Plaintiff's statements regarding the intensity and persistence of symptoms to be credible only to the extent of the ALJ's RFC finding.[2]

---

[1] SSR 16-3p recommends that ALJs avoid use of the term "credibility" because it may suggest an "examination of an individual's character."  This Report, however, will use the term "credibility" because the concepts are the same and the caselaw uses that term.

[2] In so finding, the ALJ was permitted to consider the following factors, discussed in SSR 16-3p:
    1. Daily activities;
    2. The location, duration, frequency, and intensity of pain or other symptoms;
    3. Factors that precipitate and aggravate the symptoms;
    4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

> The ALJ further found that:
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

*Id.* In other words, the ALJ implicitly found that Plaintiff's headaches could reasonably be expected to cause job absenteeism and off-task time as alleged. However, the ALJ found that Plaintiff's testimony regarding the frequency of such absenteeism and off-task time to be credible only to the extent of the VE's testimony allowing for substantial gainful activity.

**The ALJ's implicit credibility findings are supported by substantial evidence.**

It was for the ALJ and not this Court to evaluate the credibility of subjective complaints, including those associated with headaches. *Jones v. Comm'r*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying."). "An ALJ's credibility assessment must be accorded great weight and deference." *Shepard v. Comm'r*, 705 F. App'x 435, 442 (6th Cir. 2017) (internal quotation eliminated). An ALJ's "credibility findings are virtually unchallengeable absent compelling reasons." *Id.* Plaintiff identifies no compelling reason to disturb the ALJ's credibility findings.

> Plaintiff argues that:
>
> … the ALJ's finding that "these symptoms are not *entirely* consistent with the medical evidence and other evidence in the record" (emphasis added) is not supported by substantial evidence. More importantly, "not entirely consistent with the medical evidence and other evidence in the record" is not the standard for evaluating Plaintiff's expressed symptoms. 20 C.F.R. § 404.1529(c)(2) provides in relevant part:

---

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

5

> …we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.

[DN 21 at 6-7].

The argument is unpersuasive because it misconstrues the ALJ's finding and Section 404.1529(c)(2) and fails to recognize the deference to which the ALJ's credibility findings are entitled.

In finding that Plaintiff's alleged headache symptoms "are not entirely consistent" with the evidence as a whole, the ALJ found that the objective medical evidence does not confirm the severity or frequency of symptoms alleged. The ALJ recognized that Plaintiff's brain MRI revealed nonspecific areas of white matter change within the periventricular regions, mostly right frontal and high frontal regions. [DN 19 at 20]. However, this did not confirm the severity of symptoms alleged. *See Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013) (Neither Plaintiff nor this Court is "qualified to interpret raw medical data in functional terms."); *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition."). In stating that the available objective medical evidence need not "substantiate your statements," Section 404.1529(c)(2) recognizes the broadness of the Section 404.1529(c)(3) factors.[3]

Admittedly, substantial evidence would have supported a different weighing of the Section 404.1529(c)(3) factors in support of a finding of disabling headache symptoms. However, that is insufficient to warrant disturbance of the ALJ's decision. *See Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009) (The substantial-evidence standard of review "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

---

[3] These are the same factors identified above in note 2.

**Plaintiff's remaining arguments are unpersuasive.**

In July 2016, Plaintiff submitted a report by VE Sharon Brown Lane in support of his disability claim. [DN 19 at 293-304]. The ALJ gave "little weight" to VE Lane's report for the following reasons:

> As to the opinion evidence, vocational expert Sharon Brown Lane found the claimant would be unable to work. She made these findings based upon her own review of the medical evidence of record. Her findings of are given little weight, as she is not a medical professional and there is no opinion in regards the most the claimant would be able to perform rendered by any treating physician that would have allowed such an opinion to be rendered.

*Id.* at 21. Plaintiff argues that the ALJ erred in rejecting VE Lane's report because it contains vocational conclusions. [DN 21 at 11]. The argument is unpersuasive because the vocational conclusions presuppose an RFC assessment, which VE Lane was unqualified to give (under the guise of reviewing the medical evidence).

The ALJ found that Plaintiff's mental impairments did not satisfy Listing 12.04 because the "paragraph B" criteria were not satisfied. [DN 19 at 18]. In November 2017, the Commissioner's program psychiatrist, Alex Guerrero, M.D., reaffirmed his prior finding that Plaintiff's mental impairments do **not** satisfy the "paragraph B" criteria. *Id.* at 97, 105. The ALJ accorded Dr. Guerrero's opinion "some weight." *Id.* at 21. Plaintiff argues that Listing 12.04 was satisfied. [DN 21 at 2]. The argument is conclusory, unsupported by any medical opinion, and at odds with Dr. Guerrero's opinion.

The ALJ found that Plaintiff can perform medium work. [DN 19 at 19]. In December 2017, the Commissioner's program physician, Douglas Black, M.D., found that Plaintiff can perform medium work, including occasionally lifting/carrying 50 pounds and frequently lifting/carrying 25 pounds. *Id.* at 100. The ALJ accorded Dr. Black's opinion "some weight." *Id.* at 21. Plaintiff's argues that "[t]he ALJ described no evidence in the record that addressed the amount of weight [he] could lift or could frequently carry." [DN 21 at 4]. The argument is at odds with Dr. Black's opinion. *See Watts v. Comm'r*, 179 F. App'x 290, 294 (6th Cir. 2006) ("[N]one of Watts's treating doctors during the relevant period … made detailed functional

capacity analyses, which leaves the functional capacity forms from the [Commissioner's] medical reviewers as the best evidence.").

    The ALJ found that:

> The claimant was born on November 11, 1966 and was 50 years old, which is defined as a younger individual age 18-49, on the date last insured. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

[DN 19 at 22]. Plaintiff was last insured for Title II benefits on December 31, 2016. Plaintiff argues that the ALJ erred in finding he was 50 years old on the date last insured. [DN 21 at 5]. The argument is persuasive (as Plaintiff was 51 years old on the date last insured), but the error was harmless. A claimant's age classification is relevant for purposes of determining whether he is "disabled" or "not disabled" based on direct application of the Appendix 2 rules. In this case, the ALJ based his Step 5 disability findings on the VE's testimony, not the Appendix 2 rules. *See Jordan v. Comm'r*, 548 F.3d 417, 424 (6th Cir. 2008) ("[T]he general rule in this circuit that, where a claimant has nonexertional impairments alone or in combination with exertional limitations, the ALJ must treat the grids as only a framework for decisionmaking, and must rely on other evidence to determine whether a significant number of jobs exist in the national economy that a claimant can perform.").

    The ALJ found that:

> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

[DN 19 at 22]. Plaintiff argues that "[t]here is no evidence in the record, and therefore no substantial evidence, of any of Plaintiff's skills being transferrable." [DN 21 at 5]. The ALJ did not find that Plaintiff has transferable job skills. The ALJ found that transferability of job skills was immaterial because, using the Appendix 2 rules as a framework, Plaintiff was not disabled regardless of whether he had transferable job skills. [DN 19 at 22].

**RECOMMENDATION**

Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

October 1, 2021

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

October 1, 2021

Lanny King, Magistrate Judge
United States District Court